Travis J. Tom (SBN 198711); ttom@changcote.com
Audrey L. Khoo (SBN 254007); akhoo@changcote.com
Kenneth K. Hsu (SBN 208315); khsu@changcote.com
CHANG & COTE, LLP
19138 E. Walnut Drive North, Suite 100
Rowland Heights, CA 91748
Telephone:  (626) 854-2112
Facsimile:   (626) 854-2120

*Attorneys for Plaintiff / Counter-Defendant,*
ANTHONY CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY CALIFORNIA, INC., | Case No.  5:15-CV-00876-JGB-SP |
| *Plaintiff,* | **JUDGMENT ON SPECIAL VERDICT** |
| vs. | (Fed. R. Civ. P. 49(a), 58) |
| FIRE POWER CO., LTD.; NEW BRIGHT JET LIGHTING (SHENZHEN) CO., LTD.; INTEREST PLUS INVESTMENTS LIMITED; CHIEN TSAI TSAI; CHIEN HO TSAI; JAMES MORAN; M & M SALES, INC.; and DIRECT LIGHTING, L.L.C.; and DOES 1 through 10, inclusive, | Honorable Jesus G. Bernal |
| *Defendants.* | |
| AND RELATED COUNTER-CLAIMS | |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

This cause came on for trial before the jury on May 8, 2018.  Both parties appeared by counsel, and the Court submitted questions to the jury and the jury answered those questions as follows on May 16, 2018:

## COPYRIGHT INFRINGEMENT

1. Do you find that Plaintiff Anthony California Inc. is the owner of a valid copyright in the Lamp Designs?

|   |   |   | Yes | No |
|---|---|---|---|---|
| A. | VA 1-938-070 (Exhibit 22) | | _____ | ___X___ |
| B. | VA 1-938-072 (Exhibit 23) | | ___X___ | _____ |
| C. | VA 1-938-067 (Exhibit 24) | | _____ | ___X___ |
| D. | VA 1-938-116 (Exhibit 25) | | ___X___ | _____ |
| E. | VA 1-938-122 (Exhibit 26) | | ___X___ | _____ |
| F. | VA 1-938-118 (Exhibit 27) | | ___X___ | _____ |

If your answer to any part of question 1 is "yes", then answer question 2-5. If you answered each part of question 1 as "no," proceed directly to page 9.

2. Do you find that Fire Power Co., Ltd., New Bright Jet Lighting (Shenzhen) Co., Ltd., and/or Interest Plus Investments Limited copied and sold the Lamp Designs in an unauthorized manner?

|     |                          | Yes   | No    |            |
|-----|--------------------------|-------|-------|------------|
| A.  | VA 1-938-070 (Exhibit 22)|       | X     |            |

| If **yes**, was it | Willful | Non-willful | Innocent |
|---|---|---|---|
|   |         |             |          |

|     |                          | Yes   | No    |            |
|-----|--------------------------|-------|-------|------------|
| B.  | VA 1-938-072 (Exhibit 23)| X     |       |            |

| If **yes**, was it | Willful | Non-willful | Innocent |
|---|---|---|---|
|   | X       |             |          |

|     |                          | Yes   | No    |            |
|-----|--------------------------|-------|-------|------------|
| C.  | VA 1-938-067 (Exhibit 24)|       | X     |            |

| If **yes**, was it | Willful | Non-willful | Innocent |
|---|---|---|---|
|   |         |             |          |

|     |                          | Yes   | No    |            |
|-----|--------------------------|-------|-------|------------|
| D.  | VA 1-938-116 (Exhibit 25)|       | X     |            |

3
JUDGMENT ON SPECIAL VERDICT

|   | If **yes**, was it | Willful | Non-willful | Innocent |
|---|---|---|---|---|
|   |   | _____ | _____ | _____ |
|   |   | **Yes** | **No** | |
| E. | VA 1-938-122 (Exhibit 26) | \_\_\_X\_\_\_ | _____ | |
|   | If **yes**, was it | Willful | Non-willful | Innocent |
|   |   | \_\_\_X\_\_\_ | _____ | _____ |
|   |   | **Yes** | **No** | |
| F. | VA 1-938-118 (Exhibit 27) | _____ | \_\_\_X\_\_\_ | |
|   | If **yes**, was it | Willful | Non-willful | Innocent |
|   |   | _____ | _____ | _____ |

Proceed to question 3.

3. If you answered "Willful," Non-willful," or "Innocent" to any Lamp Design in question 2, what is the amount of statutory damages that Plaintiff Anthony California, Inc. is entitled to recover from Fire Power Co., Ltd., New Bright Jet Lighting (Shenzhen) Co., Ltd., and/or Interest Plus Investments Limited? Note: The statutory range for damages are as follows:

-Willful infringement: $750 - $150,000 **per** Lamp Design

-Non-willful infringement: $750-$30,000 **per** Lamp Design

-Innocent infringement: $200-$30,000 **per** Lamp Design.

|   | | Fire Power<br>Amount: | New Bright<br>Amount: | Interest Plus<br>Amount: |
|---|---|---|---|---|
| A. | VA 1-938-070<br>(Exhibit 22) | $ 0 | $ 0 | $ 0 |
| B. | VA 1-938-072<br>(Exhibit 23) | $ 7,576.18 | $ 7,576.18 | $ 7,576.18 |
| C. | VA 1-938-067<br>(Exhibit 24) | $ 0 | $ 0 | $ 0 |
| D. | VA 1-938-116<br>(Exhibit 25) | $ 0 | $ 0 | $ 0 |
| E. | VA 1-938-122<br>(Exhibit 26) | $ 7,576.18 | $ 7,576.18 | $ 7,576.18 |
| F. | VA 1-938-118<br>(Exhibit 27) | $ 0 | $ 0 | $ 0 |

Total $ 45,457.08

Proceed to question 4.

4. Do you find that Chien Tsai Tsai and/or Chien Ho Tsai copied and sold the Lamp Designs in an unauthorized manner?

|   |   | Yes | No |
|---|---|---|---|
| A. | VA 1-938-070<br>(Exhibit 22) | _____ | ___X____ |

| If **yes**, was it | Willful | Non-willful | Innocent |
|---|---|---|---|
|  | _____ | _____ | _____ |

|   |     |                          | **Yes**   | **No**    |          |
|---|-----|--------------------------|-----------|-----------|----------|
|   | B.  | VA 1-938-072 (Exhibit 23) | __X__     | _____  |          |
|   |     | If **yes**, was it       | Willful   | Non-willful | Innocent |
|   |     |                          | __X__     | _____  | _____ |
|   |     |                          | **Yes**   | **No**    |          |
|   | C.  | VA 1-938-067 (Exhibit 24) | _____  | __X__     |          |
|   |     | If **yes**, was it       | Willful   | Non-willful | Innocent |
|   |     |                          | _____  | _____  | _____ |
|   |     |                          | **Yes**   | **No**    |          |
|   | D.  | VA 1-938-116 (Exhibit 25) | _____  | __X__     |          |
|   |     | If **yes**, was it       | Willful   | Non-willful | Innocent |
|   |     |                          | _____  | _____  | _____ |
|   |     |                          | **Yes**   | **No**    |          |
|   | E.  | VA 1-938-122 (Exhibit 26) | __X__     | _____  |          |
|   |     | If **yes**, was it       | Willful   | Non-willful | Innocent |
|   |     |                          | __X__     | _____  | _____ |

|  | | Yes | No |
|---|---|---|---|
| F. | VA 1-938-118 (Exhibit 27) | | X |

| If **yes**, was it | Willful | Non-willful | Innocent |
|---|---|---|---|
| | ___ | ___ | ___ |

Proceed to question 5.

5. If you answered "Willful," Non-willful," or "Innocent" to any Lamp Design in question 2, what is the amount of statutory damages that Plaintiff Anthony California, Inc. is entitled to recover from Chien Tsai Tsai and/or Chien Ho Tsai?

Note: The statutory range for damages are as follows:

-Willful infringement: $750 - $150,000 **per** Lamp Design

-Non-willful infringement: $750-$30,000 **per** Lamp Design

-Innocent infringement: $200-$30,000 **per** Lamp Design.

|  |  | **Chien Tsai Tsai** | **Chien Ho Tsai** |
|---|---|---|---|
|  |  | Amount: | Amount: |
| A. | VA 1-938-070 (Exhibit 22) | $ 0 | $ 0 |
| B. | VA 1-938-072 (Exhibit 23) | $ 7,576.18 | $ 7,576.18 |
| C. | VA 1-938-067 (Exhibit 24) | $ 0 | $ 0 |
| D. | VA 1-938-116 (Exhibit 25) | $ 0 | $ 0 |

| | | | |
|---|---|---|---|
| E. | VA 1-938-122 (Exhibit 26) | $ 7,576.18 | $ 7,576.18 |
| F. | VA 1-938-118 (Exhibit 27) | $ 0 | $ 0 |

Total $ 30,304.72

# MISAPPROPRIATION OF TRADE SECRET

1. Was Anthony California, Inc. the owner of confidential customer, inventory, sales, pricing, and product data (collectively "Confidential Information") housed on Anthony California's secure website via unique login identification numbers?

_____X_____ Yes     _____ No

If your answer to question 1 is "yes," then answer question 2. If you answered "no," proceed directly to page 12.

2. Was this Confidential Information secret at the time of the alleged misappropriation?

_____X_____ Yes     _____ No

If your answer to question 2 is "yes," then answer question 3. If you answered "no," proceed directly to page 12.

3. Did this Confidential Information have actual or potential independent economic value because they were secret?

_____X_____ Yes     _____ No

If your answer to question 3 is "yes," then answer question 4. If you answered "no," proceed directly to page 12.

4. Did Anthony California, Inc. make reasonable efforts under the circumstances to keep the Confidential Information secret?

____X____ Yes   _____ No

If your answer to question 4 is "yes," then answer question 5. If you answered "no," proceed directly to page 12.

5. Did Defendants acquire, use or disclose the trade secrets by improper means?

____X____ Yes   _____ No

If your answer to question 5 is "yes," then answer question 6. If you answered "no," proceed directly to page 12.

6. Was Defendants' improper acquisition, use, or disclosure of the Confidential Information a substantial factor in causing Anthony California, Inc. harm?

_____ Yes   ____X____ No

If your answer to question 6 is "yes," then answer question 7. If you answered "no," proceed directly to page 12.

7. Did Defendants act willfully and maliciously so as to justify an award of punitive damages?

_____ Yes   _____ No

Proceed to question 8.

8. What are ANTHONY CALIFORNIA, INC.'s damages?

- Past economic loss

    lost earnings $_____

    lost profits $_____

    other past economic loss $_____

    Total Past Economic Damages: $_____

- Future economic loss

    lost earnings $_____

    lost profits $_____

    other future economic loss $_____

    Total Future Economic Damages: $_____

TOTAL $_____

# **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

1. Did Anthony California, Inc. and 1) American Furniture Warehouse, and/or 2) Raymour & Flanigan have an economic relationship that probably would have resulted in an economic benefit to Anthony California, Inc.?

    \_\_\_\_X\_\_\_\_ Yes    _____ No

If your answer to question 1 is "yes," then answer question 2. If you answered "no," proceed directly to page 15

2. Did Defendants know of the relationship?

    \_\_\_\_X\_\_\_\_ Yes    _____ No

If your answer to question 2 is "yes," then answer question 3. If you answered "no," proceed directly to page 15

3. Did Defendants 1) manufacture and sell infringing products and wrongfully deprive Anthony California of its sales, and/or 2) intentionally delay shipment of Anthony California products to disrupt these economic relationships?

    \_\_\_\_X\_\_\_\_ Yes    _____ No

If your answer to question 3 is "yes," then answer question 4. If you answered "no," proceed directly to page 15.

4. By engaging in this conduct, did Defendants intend to disrupt the relationships or know that disruption of the relationships was certain or substantially certain to occur?

_____X_____ Yes   _____ No

If your answer to question 4 is "yes," then answer question 5. If you answered "no," proceed directly to page 15.

5. Was the relationship disrupted?

_____X_____ Yes   _____ No

If your answer to question 5 is "yes," then answer question 6. If you answered "no," proceed directly to page 15.

6. Was Defendants' conduct a substantial factor in causing harm to Anthony California, Inc.?

_____X_____ Yes   _____ No

If your answer to question 6 is "yes," then answer question 7. If you answered "no," proceed directly to page 15.

7. What are Anthony California, Inc.'s damages?

- Past economic loss

    lost earnings $_____

    lost profits $ _191,070.68_____

    other past economic loss $_____

Total Past Economic Damages: $ 191,070.68

- Future economic loss

    lost earnings $_____

    lost profits $ 95,535.34

    other future economic loss$_____

Total Future Economic Damages: $ 95,535.34

- Past noneconomic loss, including mental suffering: $_____

- Future noneconomic loss, including mental suffering: $_____

TOTAL $ 286,606.02

    TWO HUNDRED EIGHTY-SIX THOUSAND, SIX HUNDRED AND SIX AND 02/100 DOLLARS.

# BREACH OF CONTRACT: BOOK ACCOUNT

1. Did you find that Anthony California, Inc. and Fire Power Co., Ltd., New Bright Jet Lighting (Shenzhen) Co., Ltd., and Interest Plus Investments Limited Fire Power had financial transactions?

    \_\_\_\_\_X\_\_\_\_\_ Yes        _____ No

Proceed to question 2.


2. Did you find that Fire Power Co., Ltd., New Bright Jet Lighting (Shenzhen) Co., Ltd., and Interest Plus Investments Limited kept an account of the debits and credits involved in the transactions?

    \_\_\_\_\_X\_\_\_\_\_ Yes        _____ No

If your answer to question 2 is "yes," then answer question 3. If you answered "no," proceed directly to page 16.


3. Did you find that Anthony California, Inc. owes Fire Power Co., Ltd., New Bright Jet Lighting (Shenzhen) Co., Ltd., and/or Interest Plus Investments Limited money on the account?

    \_\_\_\_\_X\_\_\_\_\_ Yes        _____ No

If your answer to question 3 is "yes," then answer question 4. If you answered "no," proceed directly to page 16.


4. The amount of money owed by Anthony California, Inc. is:
    $ 75,761.80_____

In accordance with the special verdict of the jury and the opinion of the Court,

IT IS ORDERED, ADJUDGED, and DECREED that:

1. Plaintiff, Anthony California, Inc., recover the sum of $75,761.80 against Defendants, Fire Power Co., Ltd., New Bright Jet Lighting (Shenzhen) Co., Ltd., Interest Plus Investments Limited, Chien Tsai Tsai, and Chien Ho Tsai, as set forth above, for statutory damages for Copyright Infringement;

2. Plaintiff, Anthony California, Inc., recover the sum of $286,606.02 against Defendants, Fire Power Co., Ltd., New Bright Jet Lighting (Shenzhen) Co., Ltd., Interest Plus Investments Limited, Chien Tsai Tsai, and Chien Ho Tsai, jointly and severally, as compensatory damages for Intentional Interference with Prospective Economic Advantage;

3. Counter-Claimants, Fire Power Co., Ltd., New Bright Jet Lighting (Shenzhen) Co., Ltd., Interest Plus Investments Limited, recover the sum of $75,761.80 against Counter-Defendant, Anthony California, Inc., as amount owed on open book account;

4. The award of statutory damages for Copyright Infringement and amount owed on open book account shall offset;

5. The sums awarded by this court as compensatory damages bear post-judgment interest from the date this judgment is entered until it is paid; and

6. Plaintiff recover its taxable costs of suit in this matter as taxed by the Clerk under the provisions of Rule 58.

DATED: May 31, 2018

Honorable Jesus G. Bernal
UNITED STATES DISTRICT JUDGE