Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Attorneys for Defendants/Counter-Claimants
Fire Power Co. Ltd, Interest Plus Investments Limited,
New Bright Jet Co. Ltd., Chien Ho Tsai, and Chien Tsai Tsai

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY CALIFORNIA, INC. | No. 5:15-cv-00876-JGB-SP |
| Plaintiff, | Defendants' **Rule 60(d)(3) Motion** to set aside judgment for **Fraud on the Court** |
| vs. | |
| FIRE POWER CO.LTD. et. al. | |
| Defendants. | |

---

Defendant's Rule 60(d)(3) Motion for Fraud On the Court

1

TO THIS HONORABLE COURT:

Defendants seek relief to set aside the judgment, due to Plaintiff's commission of fraud on the Court, under Rule 60(d)(3).

### Brief Summary

The Moran Parties were no longer in this case. Moran Parties' liability and culpability should not be brought into the trial, let alone attributing Moran Parties' "wrongdoing" to Vendor Defendants. In addition, Plaintiff made express representations to the Court that it would not bring in those claims.

At trial, Plaintiff in fact sneaked in those Moran Parties liability issues.

### I. THE RECORDS OF THE CASE PRIOR TO TRIAL

Plaintiff's operative complaint is its first amended complaint ("FAC"), ECF #11, filed on or about 6/4/2015. FAC contains the claims of

(1) Copyright Infringement,

(2) Breach of Contract (against Moran Parties)[1],

(3) Misappropriation of Trade Secret,

(4) Intentional Interference with Prospective Economic Advantage, and

(5) Unfair Competition.

On or about 4/2/2018, Plaintiff filed to this Court its Memorandum of Contention of Fact and Law ("Contention"), ECF #127. Said Contention made the express representation to the Court that Plaintiff will not pursue claims against the Moran Parties in the upcoming trial. Said Contention also made the

---

[1] "Moran Parties" shall mean James Moran, M & M Sales and Direct Lighting, who were dismissed from this case in ECF #37 order. This is to distinguish from the Defendants in this trial, sometimes referred to as "Vendor Defendants".

express representation that Plaintiff will not include the second cause of action (Breach of Contract) in the upcoming trial. (* The express representations above will be referred to as "Representations". *)

The part of Plaintiff's Representations, made in the Contention signed by an officer of the Court, is reproduced herein.

> **VII. ABANDONMENT OF ISSUES**
>
> The Moran Parties have been dismissed from this case per the Order Granting Defendants' Motion to Dismiss (Dkt 37). Accordingly, claims against the Moran Parties – i.e. Plaintiff's second cause of action in its entirety, and Plaintiff's first, third, fourth, and fifth claims as to the Moran Parties only – will not be pursued in this action.
>
> Plaintiff has abandoned its second through sixth, eighth, ninth, twelfth, thirteenth, and fifteenth through nineteenth affirmative defenses.

Such Representations can be seen on page 19 of the Contention.

In the lodging of the Final PreTrial Conference Order pursuant to LR-16 and this Court's Scheduling Order, as expressly indicated in ECF #138-1, Plaintiff identified the triable issues to be those contained in its FAC and the Contention. None of the triable issues, as reported to the Court, would include any liability, culpability or damages claims related to Moran Parties, or the breach of contract claim.

## II. PLAINTIFF's CONDUCTS AT TRIAL

At trial, Plaintiff put on its damages expert Brian Buss who testified to damages that are attributable to "defendants". During direct examination, he did not delineate which of all the defendants he included in his use of the term "defendants". On cross-examination, his lack of clarity and specificity was determined to be deliberate.

On cross-examination, Mr. Brian Buss admitted that his testimony presented to the Jury on direct examination included claims against Moran Parties. He also admitted that his testimony and opinion included the abandoned Breach of Contract claim. That is, his opinion "helped the plaintiff to pursue" damages claims against the Moran Parties including the breach of contract claim. *See* **Exhibit A,** page 21 of the transcript on 5/10/2018, PM, attached hereto.

Plaintiff further perpetuated its misrepresentation to the Jury by its principal Mr. James Chang, who told the Jury that it was his belief and Plaintiff's position that Moran Parties breached the Sales Representative Agreement (PTX-12, admitted) and that such breach caused substantial damages to Anthony California.

Page 12 of the transcript on 5/9/2018, PM, is attached as **Exhibit B**.

At trial, Plaintiff's case-in-chief conducts directly contradict its Representations made to the Court and Defendants. The issue is, whether this rises up to the level of FRAUD ON THE COURT that can be remedied pursuant to FRCP Rule 60(d)(3)?

### III.   FRAUD ON THE COURT AND THE JUDICIAL SYSTEM

"Fraud on the court" embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". *In re Intermagnetics America*, 926 F.2d, 916 (9th Cir. 1991).

Fraud on the court must be an "intentional, material misrepresentation". *U.S. v. Sierra Pac. Indus., Inc.* 862 F.3d. 1157, at 1168 (9th Cir. 2017).

The issue in this motion is not about Plaintiff's witnesses gave inconsistent, false or perjurious testimony (such issue was dealt with elsewhere) on some historical facts. "Non-disclosure, or perjury by a party or witness, does not, by

itself, amount to fraud on the court", *Appling v. State Farm Mut. Ins.,* 340 F.3d 769, 780 (9th Cir. 2003). The fraud must amount to a "grave miscarriage of justice' and a fraud that is aimed at the court", *Appling*, at 789, citing to *U.S. v. Beggerly*, 524 U.S. 38, 47 (2011).

In order to provide grounds for relief, the fraud must "involve an 'unconscionable plan or scheme which is designed to improperly influence the court in its decision". *Abatti v. Comm'r*, 859 F.2d 115, 119 (9th Cir. 1988).

Here, as set forth in the Contention and the Final PreTrial Conference Order, the issues to be tried are limited to those between Plaintiff and (Vendor) Defendants. This the way the judicial system is supposed to work: those non-parties' culpability and liability are not relevant to the trial.

Plaintiff is NOT supposed to bring in the claims against the Moran Parties, including the breach of contract claim, when the Moran Parties were already out. And Plaintiff <u>made the expression Representations that it would not do so</u>.

"In determining whether fraud constitutes "fraud on the court", the relevant inquiry is not whether fraudulent conduct 'prejudiced the opposing party,' but whether it "harm[ed] the integrity of the judicial process.'" *U.S. v. Estate of Stonehill*, 660 F.3d, 415, at 444, (9th Cir. 2011)

At trial, the expert sneaked in his damages opinion, **without telling the Court, and the jury**, that his damages opinion in fact included claims of Breach of Contract and claims against Moran Parties.

Plaintiff's expert's testifying to the damages attributable to the "defendants" is not accidental, negligent or careless. Those actions are deliberate, intentional and calculated. Mr. Brian Buss' report sets the boundary of his opinion. As such, his testimony cannot stray away from his own definition of "defendants" in the report.

When, during direct-examination, he repeatedly use the term "defendants" without telling the Court and the Jury that his opinion was on the Vendor

Defendants **and** Moran Parties, it became clear to Defendants that the expert was doing something he was not supposed to and something Plaintiff promised the Court that it would not do: brining in the claims against Moran Parties, including the Breach of Contact claim.

Defense counsel in fact spent the next few minutes trying to clear up the factual records by crossing Mr. Buss regarding these mixed-in claims that Plaintiff expressly abandoned. However, the Court, probably sensing that the Jury was likely confused, instructed Defense counsel to move on to the next question.

This fraudulent testimony goes to the very core of Plaintiff's case: damages claims related to its Interference of Economic Advantage loss allegedly caused by Vendor Defendants.

### IV. COURT IS THE VICTIM

By presenting the fraudulent proof, the jury is confused and is deprived of its ability to impartially judge a case, when Brian Buss gave the damages opinion that included Moran Parties and the Breach of Contract. "One species of fraud upon the court occurs when **an officer of the court perpetrates fraud** affecting the ability of the court or jury to impartially judge a case" (**emphasis added**). *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1130 (9th Cir. 1995).

Plaintiff's counsel in fact agreed with the general principle that bringing in the dismissed parties' liability into this case would confuse the jury, as shown in Tr. 38:7 – 9, 5/9/2018, AM: "now with the parties being dismissed in the other action. I'm just worried it's going to confuse the jury unless we want to reference there is another lawsuit going on in Nebraska."

The 5/9/2018 side-bar discussion was initially about copyright damages (which was part of Brian Buss's written opinion). Since Moran Parties were dismissed, Plaintiff sought to avoid copyright damages issues related to Moran

Parties, when Plaintiff expressed the legitimate concern of not mixing up non-parties' liability. However, as pointed out by Defendants in the ensuring discussion, Mr. Buss' written opinion still included Moran Parties' culpability when it came to the lost profit (second category, as referred by the Court) damages claim.

Apparently, the same "separate Moran Parties liability" principle for copyright issue was not followed by Plaintiff in the Interference claim.

Plaintiff's conducts at trial is exactly an "unconscionable plan or scheme which is designed to improperly influence the court in its decision", *Abatti v. Comm'r*, at 118, knowing that its expert Brian Buss in fact has NO damages evidence related to Vendor Defendants (see ECF #153, Rule 16(c)(2) Request to Limit Testimony per FRE 702).

By allowing Plaintiff to bring in liability and culpability of other parties not in this trial, including inflating the damages claim likely attributable to Moran Parties, the jury is confused and Court is the victim when Plaintiff committed such fraud to subvert the integrity of the judicial system.

New trial on all issues is appropriate when (defendant's) actions constituted fraud on the court, *Pumphrey*, at 1129.

## CONCLUSION

The fraud is perpetrated by officer(s) of the Court: the Representations were filed to the Court. The unconscionable plan or scheme is clearly shown by the trial conduct when Plaintiff's expert knowingly and intentionally testified to the liability and culpability of other parties, given that Plaintiff knew its expert has no opinion attributable to Vendor Defendants, and that Plaintiff represented that it would not do so.

"When we conclude that the integrity of the judicial process has been harmed, however, and the fraud rises to the level of 'an unconscionable plan or

scheme which is designed to improperly influence the court in its decision', we not only can act, we should." *U.S. v. Chapman*, 642 F.3d 1236, 1240 (9th Cir. 2011).

It is a miscarriage of justice and the integrity of the judicial process is harmed is such blatant fraudulent acts are permitted without deterrence.

Dated: June 29, 2018                    LT Pacific Law Group LLP

/s/Jen-Feng Lee

Jen-Feng (Jeff) Lee
Attorney for Defendants/CounterClaimants

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document, **DEFENDANTS' RULE60(d)(3) Motion re Fraud On The Court**, was filed electronically in compliance with Local Rule 5 – 3.3 and Federal Rules of Civil Procedure. As such, this document was served on all counsel deemed to have consented to electronic service. Local Rule 5 – 4.1.3. All other counsel of record or per se parties not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, as identified below:

NONE.

On this 29th day of June, 2018.

/s/Jen-Feng Lee_____
Jen-Feng Lee